**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| STEVEN MICHAEL BLUBAUGH, | ) | Case No. 23-10752-BFK |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| FERGUSON ENTERPRISES, LLC, | ) | Adversary Proceeding |
| | ) | No. 23-01045-BFK |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STEVEN MICHAEL BLUBAUGH, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER:**
**(A) GRANTING PLAINTIFF'S**
**MOTION FOR PARTIAL SUMMARY JUDGMENT;**
**AND (B) DENYING DEFENDANT'S**
**CROSS-MOTION FOR SUMMARY JUDGMENT**

This matter comes before the Court on: (a) Plaintiff's Motion for Partial Summary Judgment (Docket Nos. 44, 45); and (b) Defendant's Opposition and Cross-Motion for Summary Judgment. Docket No. 48. The Plaintiff filed an Opposition to the Defendant's Cross-Motion for Summary Judgment. Docket No. 53. The Plaintiff also filed a Supplemental Memorandum on January 31, 2024, which the Court will not consider because it was not authorized. Docket No. 63. For the reasons stated below, the Court will: (a) grant the Plaintiff's Motion; and (b) deny the Defendant's Motion.

**Uncontested Facts**

The Court finds that the following facts are not genuinely contested.

1

1. The Plaintiff, Ferguson Enterprises, Inc. ("Ferguson"), is a supplier and distributor of plumbing supplies.

2. Blubaugh Plumbing, LLC ("Blubaugh Plumbing"), was a customer of Ferguson.

*A. The Credit Application.*

3. On or about February 15, 2019, the Defendant, Steven Michael Blubaugh, submitted a Credit Application to Ferguson on behalf of Blubaugh Plumbing. Docket No. 10, Am. Compl. Ex. A.[1]

4. The Credit Application appeared to bear the signatures of Mr. Blubaugh and Galen Blubaugh. *Id.*

5. The Credit Application was digitally signed and submitted. *Id.*; Docket No. 25, Harris Aff., ¶ 6.

6. Ferguson supplied Blubaugh Plumbing with plumbing supplies through December 2022.

7. Blubaugh Plumbing failed to pay for the supplies. Ferguson asserts that it is owed $431,871.37. Docket No. 10, Am. Compl., ¶ 9; Ex. B.

*B. Blubaugh Plumbing's Default and the State Court Lawsuit.*

8. In early January 2023, Mr. Blubaugh informed Ferguson that he was closing Blubaugh Plumbing, and that it would be defaulting on its financial obligations to Ferguson. Docket No. 25, Harris Aff., ¶ 10.

9. On January 16, 2023, Ferguson sent a demand letter to Blubaugh Plumbing, Mr. Blubaugh and Galen Blubaugh. *Id.* at ¶ 11.

---

[1] For purposes of this Memorandum Opinion and Order, the Court will refer to the Defendant, Steven Michael Blubaugh, as Mr. Blubaugh.

10. Shortly thereafter, Galen Blubaugh contacted Ferguson and denied having signed the Personal Guaranty of the Credit Application. *Id*. at ¶ 12.

11. On March 3, 2023, Ferguson filed a lawsuit against Blubaugh Plumbing, Mr. Blubaugh and Galen Blubaugh, in the Circuit Court for Carroll County, Maryland. Docket No. 21, Exs. B, C (the "State Court Action").

12. The State Court Action stated claims for breach of contract against Blubaugh Plumbing (Count I), breach of a Guaranty Agreement against Steven M. Blubaugh (Count II), and breach of a Guaranty Agreement against Galen Blubaugh (Count III). Docket No. 25, Ex. C.

C.  *Mr. Blubaugh Files for Bankruptcy.*

13. Mr. Blubaugh filed a Voluntary Petition under Chapter 7 with this Court on May 5, 2023. Case No. 23-10752-BFK, Docket No. 1.

14. Ferguson moved for an extension of time to file a dischargeability complaint, which the Court granted with the consent of Mr. Blubaugh's counsel. Docket Nos. 36, 38.

15. Ferguson timely filed its Complaint in this adversary proceeding on August 10, 2023. Adv. Pro. Docket No. 1.

16. The Defendant's Answer states as its First Defense that "The acts indictive of alleged fraud occurred in February 2019 and the Plaintiff did not file a civil suit until March 2023. The applicable state Statute of Limitations to allege fraud expired prior to the filing date of the civil suit and, therefore, the Plaintiff is barred from alleging a count of fraud." Docket No. 34, p. 13.

**Conclusions of Law**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Order of Reference entered by the U.S. District Court for this District on August 15, 1984. This is a core

proceeding under 28 U.S.C. § 157(b)(2)(I) (determinations of the dischargeability of certain debts).

Summary judgment is appropriate where there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Bankr. P. 7056. The moving party has the initial burden of showing that there are no material facts in dispute, and that it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986). When the moving party has met its initial burden, the burden then shifts to the nonmoving party to present specific facts demonstrating that there is a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Whether a fact is material or not depends on the substantive law at issue in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

Summary judgment "is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action." *Celotex Corp.*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

The Plaintiff brings this action under 28 U.S.C. § 523(a)(2)(A) (actual fraud). Under this Section, it is the Plaintiff's burden to prove: (1) a fraudulent misrepresentation; (2) that induces another to act or refrain from acting; (3) causing harm to the plaintiff; and (4) the plaintiff's justifiable reliance on the misrepresentation." *Foley & Lardner v. Biondo (In re Biondo),* 180 F.3d 126, 134 (4th Cir. 1999). The Plaintiff has the burden to prove nondischargeability by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 291 (1991).

4

I.   **The Defendant's Motion.**

*A. The Statute of Limitations Issue.*

The Defendant argues that the Amended Complaint should be dismissed because the statute of limitations for fraud claims has run, both in Virginia and in Maryland. Docket No. 48, Def. Mot., p. 5 ("the statute had already run by the filing date of the state court proceeding"). The Defendant's Motion will be denied because the Plaintiff is not required to file fraud-based claims in the State court before the Defendant files for bankruptcy to preserve its Section 523(a) claims. *Archer v. Warner,* 538 U.S. 314 (2003); *Brown v. Felson*, 442 U.S. 127 (1979). *See also* Part II, below.[2]

The Court, therefore, will deny the Defendant's Motion on the statute of limitations issue.

*B. The Justifiable Reliance Issue.*

The Supreme Court has held that "justifiable reliance" is the standard for reliance for Section 523(a)(2)(A) claims. *Field v. Mans*, 516 U.S. 59 (1995). To the extent that the Defendant's Motion may be construed as an assertion that the Plaintiff did not justifiably rely on the Credit Application for purposes of Section 523(a)(2)(A), the Court finds that there are material facts in dispute on this issue. The Court, therefore, will deny the Defendant's Motion on the issue of justifiable reliance.

II.   **The Plaintiff's Motion.**

The Plaintiff argues that it is entitled to partial summary judgment on the Defendant's affirmative defense of the statute of limitations. The Defendant does not contest that this

---

[2] Even if the Defendant were correct on the law, there are material facts in dispute that would prevent the Court from granting its Motion. Both Maryland and Virginia have discovery rules for the accrual of fraud claims. *See* Md. Code Ann., Cts. & Jud. Proc. § 5-203 (West); *Poffenberger v. Risser*, 290 Md. 631 (1981); Va. Code Ann. § 8.01-249(1) (West) (when such fraud "is discovered or by the exercise of due diligence reasonably should have been discovered"). A disputed issue of fact exists on precisely when Ferguson discovered facts that gave rise to its fraud claim.

adversary proceeding was timely filed under Rule 4007(c), as extended by the Court's Order. Further, the Defendant does not contest that the State Court Action was timely filed for breach of contract, and remained pending on the petition date. Docket No. 48, Def. Mot., p. 6. The Defendant argues, however, that the applicable non-bankruptcy statute of limitation for fraud, whether in Virginia or Maryland, expired before the Plaintiff filed its action for breach of contract in the State court, and therefore, the Plaintiff's Section 523(a) action in this Court is time-barred.

The Tenth Circuit rejected this position in *In re McKendry* 40 F.3d 331 (10th Cir. 1994). In *McKendry*, the creditor obtained a State court deficiency judgment after a foreclosure. *Id*. at 333. The debtor filed for bankruptcy, and argued that the creditor's Section 523(a) action was time-barred because the statute of limitations had run for a fraud claim in the State court. *Id*. The Tenth Circuit rejected this position, holding:

> We… find two distinct issues in a nondischargeability proceeding. The first, the establishment of the debt itself, is governed by the state statute of limitations—if suit is not brought within the time period allotted under state law, the debt cannot be established. However, the question of the dischargeability of the debt under the Bankruptcy Code is a distinct issue governed solely by the limitations periods established by bankruptcy law.

*Id.* at 337.

The Tenth Circuit relied on the Supreme Court's decision in *Brown v. Felson*, 442 U.S. 127 (1979), which held that it would "make little sense… to resolve a federal dischargeability question according to whether or not the parties in state court waived their right to engage in hypothetical litigation in an inappropriate forum." *Id*. at 335 (quoting *Brown,* 442 U.S. at 137).

This Court has followed the *McKendry* decision in a number of cases. *In re Hardey*, 2005 WL 8149584, at *6 (Bankr. E.D. Va. Apr. 13, 2005) ("Nor do state-law defenses – such as the running of the statute of limitations on a tort claim – bar the creditor from showing that the

6

underlying claim falls within one of the tort-type dischargeability exceptions"); *In re Boyer*, 1999 WL 33954735, at *7 (Bankr. E.D. Va. Aug. 24, 1999) ("the only relevant question with respect to the state statute limitations is whether the plaintiffs sought to enforce their debt against the debtor within the period prescribed by the statute of limitations."); *In re Naff*, 1997 WL 1088126, at *8 (Bankr. E.D. Va. July 18, 1997) ("a creditor having both contract and tort claims should be equally free to work with a debtor… without having to rush to court prematurely and file suit before the statute of limitations expires on its tort causes of action solely to preserve its rights in a future hypothetical bankruptcy").

The Defendant argues that, although the Plaintiff's State court action was timely filed, it did not include a fraud claim, so the Plaintiff's Section 523(a)(2)(A) claim is time-barred. The first sentence of Section 523(a), however, speaks in terms of "any debt" incurred by fraudulent conduct and other non-dischargeable acts. The first inquiry in *McKendry*, "the establishment of the debt itself," asks whether there is any debt at all. This is consistent with *Brown v. Felson*, which held that a plaintiff is not required to bring fraud-based claims in State court to preserve its right to assert a Section 523(a) claim in the bankruptcy court. If there is a debt, the Plaintiff is entitled to bring a Section 523(a) claim. One can imagine circumstances where the debt is inarguably time-barred under any theory, contract, tort or other. There, *McKendry's* first inquiry of whether there is a debt, would not be satisfied and the bankruptcy court should not try an entirely hypothetical case under Section 523(a), which would have no effect in the real world. But, where either the plaintiff has a non-fraud-based judgment, or the debt is still "alive" in the sense of at least one claim not being time-barred, then the Plaintiff is entitled to bring a Section 523(a) claim for the debt.

7

The Court finds that the Plaintiff is entitled to summary judgment on this issue. The Defendant's First Defense of the statute of limitations will be stricken.

## Conclusion

It is therefore **ORDERED**:

A.  The Defendant's Motion for Summary Judgment is denied. The issue of justifiable reliance for purposes of Section 523(a)(2)(A) is a disputed issue of fact which remains for trial.

B.  The Plaintiff's Motion for Partial Summary Judgment is granted, and the affirmative defense of the statute of limitations (Frist Defense) is stricken.

C.  The Clerk will mail copies of this Memorandum Opinion and Order, or will provide cm-ecf notice of its entry, to the parties below.

Date: Mar 4 2024

Alexandria, Virginia

/s/ Brian F Kenney

The Honorable Brian F. Kenney
United States Bankruptcy Judge

Entered On Docket: Mar 5 2024

Copies to:

Ferguson Enterprises, LLC
13890 Lowe Street
Chantilly, VA 20169
*Plaintiff*

Jill D. Caravaggio
11116 Innsbrook Way, Suite B
Ijamsville, MD 21754
*Counsel for the Plaintiff*

Steven M. Blubaugh
15792 Ryder Cup Drive
Haymarket, VA 20169
*Defendant*

John P. Goetz
86 W. Shirley Avenue
Warrenton, VA 20186
*Counsel for the Defendant*